UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE *EX PARTE* APPLICATION OF
QATAR NATIONAL BANK AND QATAR
CHARITY FOR AN ORDER TO TAKE
DISCOVERY FOR USE IN FOREIGN
PROCEEDINGS PURSUANT TO
28 U.S.C. § 1782

Misc. No. 24-35 (LLA)

**ORDER**

Qatar National Bank and Qatar Charity ("the Qatar Entities") have applied for an *ex parte* order granting leave to obtain limited discovery from the Perles Law Firm, P.C. ("the Perles Firm") pursuant to 28 U.S.C. § 1782. The Qatar Entities contend that the Perles Firm possesses non-privileged information about the identity or identities of individuals who allegedly forged a bank record that the Perles Firm then used in a now-dismissed suit against the Qatar Entities. ECF No. 1, at 8-9; *see Sotloff v. Qatar Charity*, No. 22-CV-80726, 2023 WL 6471413 (S.D. Fla. Sept. 29, 2023). The Qatar Entities intend to use the discovered information to initiate international civil and criminal proceedings against the individual or individuals who perpetrated the alleged forgery. ECF No. 1, at 9.

Section 1782 authorizes the district court, in its discretion, to order a person within its jurisdiction to give "testimony or [a] statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). However, "[a] person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." *Id.* In considering an application, the court applies a three-factor statutory

test, *In re DiGiulian*, 314 F. Supp. 3d 1, 6 (D.D.C. 2018), and a four-factor discretionary test, *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

  The court may entertain a Section 1782 application *ex parte*. *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (explaining that "it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*"); *In re DiGiulian*, 314 F. Supp. 3d 1 (D.D.C. 2018) (granting *ex parte* Section 1782 application); *In re Masters*, 315 F. Supp. 3d 269 (D.D.C. 2018) (same). *Ex parte* review is generally "justified by the fact that the parties [from whom discovery is sought] will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *In re de Leon*, No. 19-MC-197, 2020 WL 1047742, at *3 (D.D.C. Mar. 4, 2020) (alteration in original) (quoting *In re Letter of Request from Sup. Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991)). But where an applicant seeks discovery of materials that may raise issues of privilege—such as discovery from a law firm—courts have been inclined to provide the absent party an opportunity to raise an objection before ruling on the application. *See, e.g.*, Order, *In re Islamic Republic of Pakistan*, No. 18-MC-103, ECF No. 4 (D.D.C. Sept. 25, 2018) (denying an *ex parte* application for discovery against a law firm); Order, *In re Hulley Enters. Ltd.*, No. 17-MC-1466, ECF No. 5 (D.D.C. June 23, 2017) (same). Permitting the party against whom discovery is sought to weigh in before the court rules on the application both "streamline[s] the[] proceedings by accelerating identification of grounds for objection" and aids the court in assessing Section 1782's statutory and discretionary factors. *In re Hulley Enters. Ltd.*, No. 17-MC-1466, ECF No. 5, at 2 (internal quotation marks omitted).

  The Qatar Entities assert that the information they seek is not privileged, ECF No. 1, at 24 n.3, and that may very well turn out to be the case. But because the information came into the

Perles Firm's possession through its representation of the plaintiffs in *Sotloff v. Qatar Charity*, No. 22-CV-80726 (S.D. Fla.), the court deems it prudent to provide the Perles Firm with an opportunity to respond before ruling on the Qatar Entities' application. Accordingly, it is hereby

**ORDERED** that the Qatar Entities, if they wish to proceed, shall serve a copy of this Order and the Application on the Perles Firm no later than April 1, 2024, and file proof of service with the court no later than April 2, 2024; it is

**FURTHER ORDERED** that the Perles Firm shall file either an opposition explaining why the Application should be denied or a statement of non-opposition no later than twenty-one days after service; and it is

**FURTHER ORDERED** that, if the Perles Firm files an opposition, the Qatar Entities shall file a reply in support of the Application no later than fourteen days after service of the opposition.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: March 19, 2024