IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF QATAR NATIONAL BANK (Q.P.S.C.) AND QATAR CHARITY FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | 1:24−mc−00035−LLA |

## DECLARATION OF ERIC BOUFFARD

I, Eric Bouffard, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America, that the following is true and correct:

1. I submit this Declaration in support of the Perles Law Firm ("Perles") in their opposition to the *Ex Parte* Application and Petition for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (the "Application") filed by Qatar National Bank (Q.P.S.C.) ("QNB") and Qatar Charity ("QC") (collectively, the "Petitioners"). Dkt. No. 4.

2. All facts set forth in this Declaration are based on my personal knowledge, information provided to me by Perles, or my personal review of documents relevant to this declaration.

3. I am a Partner in the Paris office of Gibson, Dunn & Crutcher LLP, where I serve as a member of the firm's Litigation, International Arbitration, Enforcement, and Business Restructuring Practice Groups.

4. I am a member of the Paris Bar and have experience in cross-border litigation, commercial arbitration, commercial law, and industrial risk before both judicial courts and arbitral tribunals. This experience has given me a thorough understanding of French civil and criminal legal proceedings.

5. The declaration of Stéphane de Navacelle submitted in support of the Application states that Petitioners are "considering bringing . . . the following claims in French court: (i) the criminal claim of forgery and use of forgery (*faux et usage de faux*) under Article 441-1 of the French Criminal Code; and (ii) the civil claim under Article 1240 of the French Civil Code on the basis of the wrongdoing (*faute*) committed and the prejudice resulting thereof." Dkt. No. 18 ("Navacelle Decl.") ¶ 25.

6. Although not mentioned by Mr. de Navacelle, the *usage de faux* offense can be prosecuted against individuals who use a forged document, even if such individuals themselves did not create the forged document.

7. The Application could thus be used to obtain pre-litigation discovery against the Sotloffs for any potential claims against them in French court.

8. Courts in France are not bound by a complainant's characterization of a document as a forgery. A French criminal court will make its own determination, based on evidence, as to whether a given document is forged. A French civil court may either follow such a determination by a French criminal court, if any, or may itself consider whether the document is sufficient to give rise to civil liability.

9. In his declaration, Mr. de Navacelle states that the Perles Firm "acknowledged" that "the Purported Transfer Record provided by the Forgers to the Perles Firm is a forged copy of a Ziraat Bank record . . . " when "Plaintiffs decided to jointly dismiss the Sotloff Action," *Id.* ¶ 26.a. I understand that as used in the Navacelle Declaration, the defined term "Sotloff Action" references *Sotloff v. Qatar Charity, et al.*, No. 22-cv-80726 (DMM) (S.D. Fla.). *Id.* ¶ 12.

10. Mr. de Navacelle's characterization of Plaintiffs' statements regarding the Transfer Record is incorrect. My review of the filings in the Sotloff Action indicates that neither Perles nor the Sotloffs acknowledged the Transfer Record was fraudulent. In fact, in

the joint motion to vacate the Sotloff Action, the Sotloff Plaintiffs stated the opposite: specifically, "maintain[ing] that there is insufficient basis to conclude that the purported transfer record is forged." Dkt. No. 1 Ex. 9 ("Joint Motion to Vacate") at 5.

Executed on this 17th day of April 2024 in Paris, France.

_____
Eric Bouffard