# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF QATAR NATIONAL BANK (Q.P.S.C.) AND QATAR CHARITY FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. §1782** | Case No. 1.24-mc-00035-LLA |

**PROPOSED PROTECTIVE ORDER**

Under Fed. R. Civ. P. 26(c) and in anticipation that any discovery in this Action is likely to involve the disclosure of confidential information, it is hereby **STIPULATED AND ORDERED** that the following shall govern the Parties' exchange and use of Protected Material.

**CONFIDENTIAL INFORMATION SUBJECT TO THIS ORDER**

## I.      DEFINITIONS

1.  Action: the above-captioned matter, Case No. 1.24-mc-00035-LLA, filed in the United States District Court for the District of Columbia.

2.  Anonymous Source(s): the individual(s) who gave, sent, shared, or otherwise communicated a copy of the Purported Transfer Record to Respondent.

3.  Any litigation that arises from or concerns Petitioners' use of Protected Material and in which Petitioners are named as defendants or respondents in the action(s).

4.  Contemplated Litigation: any action(s) to be filed by Petitioners in pursuit of "civil and/or criminal [claims] in the most appropriate foreign jurisdiction against the Anonymous Source, as well as any other individual(s) who [Petitioners allege] have participated in forging and/or disseminating the Purported Transfer Record," Dkt. 1 at 8, including any additional proceeding arising out of the same facts or transactions underlying Petitioners'

Application, with nothing preventing the use of the discovery lawfully obtained under Section 1782 elsewhere in domestic or foreign proceedings unless the district court orders otherwise. For the avoidance of doubt, Petitioners do not intend to pursue civil and/or criminal claims against the plaintiffs in *Sotloff v. Qatar Charity et al.*, No. 9:22-cv-80726 (DMM) (2023) (the "Sotloff Action").

5.  "CONFIDENTIAL": a designation referring to Discovery Material (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  It shall be the duty of Respondent to give notice, in the manner set forth hereinafter, of the information, documents, testimony and discovery responses to be covered hereby.  The duty of Petitioners to maintain the confidentiality thereof under this Protective Order commences with such notice.

6.  Counsel: the attorneys representing any party in this Action, Collateral Litigation, or Contemplated Litigation.

7.  Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

8.  Expert: a person with specialized knowledge or experience in a matter pertinent to Collateral or Contemplated Litigation who (1) has been retained by Petitioners or their Counsel to serve as an expert witness or as a consultant in Collateral or Contemplated Litigation; (2) is not a past or current employee of a Party or of a Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

9.  Non-Party: any natural person, partnership, corporation, association, or other

2

legal entity that is not Petitioners or Respondent.

10. Party or Parties (without qualifier): Petitioners or Respondent.

11. Petitioners: Qatar National Bank (Q.P.S.C.) and Qatar Charity, collectively.

12.  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

13. Purported Transfer Record: a copy of the "wire-confirmation printout" referenced in the complaint filed in the Sotloff Action and produced by the plaintiffs in that action to Petitioners on June 26, 2023 pursuant to Magistrate Judge William Matthewman's June 8, 2023 order [DE 80 of the Sotloff Action]. A redacted copy of the Purported Transfer Record is attached as Attachment B to the subpoenas, dated February 14, 2025, timely served by Petitioners on Respondent.

14. Protected Material: any Discovery Material that is designated as "CONFIDENTIAL."

15. Respondent: Perles Law Firm, P.C.

## II.    MARKING, CLASSIFICATION, AND USE OF PROTECTED INFORMATION

16. Respondent, should it wish to designate Discovery Material as "CONFIDENTIAL," shall at the time of production, stamp or otherwise mark the produced document or other thing with the word: "CONFIDENTIAL."

17. Protected Material shall be used for purposes of (i) litigating this Action, (ii) litigating, defending, or settling Collateral Litigation and/or (iii) litigating, prosecuting or settling the Contemplated Litigation (which shall include sharing Protected Material with law enforcement and prosecutors in the jurisdiction(s) which Petitioners seek the Contemplated

Litigation).

18. Respondent shall make a good-faith effort to designate Protected Material properly and with the appropriate classification at the time of production.  However, inadvertent or unintentional disclosure by Respondent of Protected Material without any, or the appropriate, classification regardless of whether the Protected Material was designated at the time of disclosure, shall not be deemed a waiver of a Respondent's claim of confidentiality, either as to a specific document or information contained therein, and Petitioners shall, upon notice, thereafter make a good faith effort to locate, mark appropriately, and treat such Protected Material according to the correct designation and classification until such time as any dispute over whether the items should be deemed Protected Material has been fully and finally resolved, to the extent there is any such dispute.

19. Likewise, if Respondent inadvertently discloses to Petitioners documents or items that are asserted to be privileged or otherwise immune from discovery ("Privileged Material"), Respondent shall promptly, upon discovery of such disclosure, advise Petitioners in writing and request that the item or items of information be returned, and no Party to this Action shall thereafter assert that such disclosure waived any privilege or immunity, provided that Respondent demonstrates that: (1) the disclosure was inadvertent; (2) Respondent acted promptly upon discovering the inadvertent disclosure; and (3) the inadvertent disclosure occurred despite reasonable precautions to prevent inadvertent disclosure. This Protective Order shall not excuse Respondent from taking reasonable steps to identify, in advance of production, its documents and information which contain Privileged Material.  In the event Privileged Material has been inadvertently disclosed, the following "claw back" procedure shall apply:

a.  Respondent will send a letter identifying the Privileged Material to be returned and stating the grounds for privilege;

b.  Petitioners will either return the Privileged Material, without retaining any copies, or respond in writing within seven days, with an explanation as to why the Privileged Material should not be protected;

c.  if there is a dispute as to the return of the Privileged Material, Respondent and Petitioners will meet and confer within 7 days of the response required by Paragraph 19(b);

d.  if the issue remains unresolved, Respondent and Petitioners will make application to the Court within 7 days of the meet and confer required by Paragraph 19(c); and

e.  until such time as the issue has been fully and finally resolved, such Privileged Material shall, for all purposes, be considered Privileged Material and shall not be reviewed by the receiving party after receipt of notice requesting return of such Privileged Material, except for purposes of disputing the "claw back" and making an application to the Court, as described in Paragraphs 19(b)-19(d).

## III.    HANDLING OF PROTECTED MATERIAL

20. All Discovery Material designated as "CONFIDENTIAL" shall be treated as proprietary and shall be disclosed or made available only to: (1) Counsel (including their support staffs); (2) officers, directors, and/or employees of Petitioners to whom disclosure is reasonably necessary for this Action, Collateral Litigation, and/or the Contemplated Litigation; (3) court personnel in the Action, Collateral Litigation, and/or the jurisdiction(s) in which Petitioners bring the Contemplated Litigation; (4) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this

Action, Collateral Litigation, and/or the Contemplated Litigation; (5) experts retained by Petitioners for this Action, Collateral Litigation, and/or the Contemplated Litigation (as well as their support staff); (6) law enforcement and prosecutors in the jurisdiction(s) in which Petitioners seek to file the Contemplated Litigation; (7) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, other than as a result of any action in violation of this Protective Order; (8) during their depositions, witnesses in the Action, Collateral Litigation, and/or the Contemplated Litigation to whom disclosure is reasonably necessary; (9) any Non-Party who reasonably and equitably needs access to Protected Material in order to address potential violations of its legal rights, property, confidential information, or legally protected interests that may otherwise have been materially affected or harmed by conduct that is the subject of this Action, so long as notice is given to Respondent in advance, to the extent practicable; and (10) other persons approved by Respondent and Petitioners who signed the "Acknowledgement of Confidentiality" (Exhibit A), upon the Court's endorsement of this Protective Order, or the execution of the "Acknowledgment of Confidentiality" (Exhibit A) and delivery thereof to Counsel for Respondent, as applicable. Any information designated "CONFIDENTIAL" by Respondent shall be treated as proprietary and shall not be used or disclosed by Petitioners for any purpose, other than as specified herein. For the avoidance of doubt, Protected Material may be used and made publicly available in connection with Collateral Litigation and Contemplated Litigation, and such use and public dissemination of Protected Material in connection with or arising from Collateral Litigation or Contemplated Litigation shall not violate this Protective Order, or otherwise be prohibited by this Protective Order.

21. All persons identified in Paragraph 20(9) shall sign the statement attached as

Exhibit A acknowledging their agreement to the terms of this Protective Order.  An executed copy of Exhibit A shall be provided to all parties before disclosure of any Protected Material to any person identified in Paragraph 20(9).

### IV.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

22. Should Petitioners disagree at any stage of this Action with the designation of any information as "CONFIDENTIAL," the Parties shall first try to resolve the dispute in good faith. Petitioners may at any time request that the Respondent withdraw the "CONFIDENTIAL" designation with respect to any Discovery Material.  Any such request shall be made in writing, served on Counsel for Respondent, and shall particularly identify: (1) the Protected Material that Petitioners contend is improperly designated; and (2) the basis for the Petitioners' objection(s) to the designation.  Service by electronic mail shall be sufficient for this purpose.

23. If, after meeting and conferring, the Parties cannot resolve a challenge regarding the designation of information as "CONFIDENTIAL," Petitioners shall contact the Court to schedule a telephone conference within 14 days of the initial notice of the challenge or within 7 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  The burden of persuasion in any such proceeding shall be on Respondent. Frivolous challenges and designations, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging and designating Parties to sanctions.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the producing Party's designation until the Court rules on the challenge.

### V.    PROTECTED MATERIAL AT DEPOSITIONS

24. Other than court personnel and court reporters (and their staff), only Counsel for the Parties, the deponent (including his or her attorney), or persons that have executed Exhibit

A of this Protective Order and who have been agreed upon by both Parties, may be present at any deposition examination, or portion of a deposition examination, concerning Protected Material.

25. Respondent may designate as "CONFIDENTIAL" any Discovery Material disclosed during a deposition by indicating on the record during the deposition that such is Protected Material and subject to the provisions of this Protective Order. Any objections by Petitioners to any confidentiality designation made at or during a deposition must be made on the record. The Protected Material designation shall remain in place, and Petitioners shall be barred from publicly disclosing the information, testimony, transcript, or exhibit designated as Protected Material, outside of the uses enclosed in this Protective Order, without the prior approval of the Court or the withdrawal of the designation by Respondent. Whenever any information designated as "CONFIDENTIAL" is marked as an exhibit during a deposition, the exhibit shall be marked with the proper confidentiality designation at the top of the exhibit and noted on the record that the exhibit is subject to the terms of this Protective Order.

26. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, Respondent may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 7 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 7-day window shall be covered by the provisions of this Protective Order. Alternatively, Respondent may specify, at the deposition or up to 7 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL."

8

27. Deposition transcripts, testimony, or exhibits designated as "CONFIDENTIAL" shall only be disclosed to the persons identified in Paragraph 20.

## VI.    USE OF PROTECTED MATERIAL IN OPEN COURT

28. Petitioners may use any Protected Material disclosed or produced by Respondent in connection with (i) litigating this Action, (ii) litigating, defending, or settling Collateral Litigation,  and/or (iii) litigating, prosecuting, or settling  the Contemplated Litigation (which shall include sharing Protected Material with law enforcement and prosecutors in the jurisdiction(s) which Petitioners seek the Contemplated Litigation).   When the foregoing litigations have been terminated, the Petitioners must comply with the provisions of Section XI below.

29. Petitioners must store and maintain Protected Material at a secure location and in a manner that restricts access exclusively to those individuals authorized under this Protective Order.  Protected Material shall be safeguarded with the same level of care that the Petitioners use to protect its own confidential information—such as client, financial, research, development, communications, or commercial data—that is not publicly available and cannot be readily determined from publicly accessible sources or materials. For the avoidance of doubt, nothing in this Paragraph 29 or any other paragraph of the Protective Order shall bar Petitioners from using the Protected Material (including the information contained therein) in the (i) Action; (ii) Collateral Litigation; or (iii) Contemplated Litigation (including sharing the Protected Material with law enforcement and prosecutors in the jurisdiction(s) which Petitioners seek to file the Contemplated Litigation).

## VII.    EXCLUSION OF PUBLIC DOMAIN INFORMATION

30. Nothing in this Protective Order shall preclude any Party, their Counsel or any other person from disclosing or using, in any manner or for any purpose, any information not

9

obtained in discovery in this Action, if such information is lawfully obtained from another source, such as a third party having the right to disclose such information, unless the obtaining party learned about or discovered the relevant information because they were produced or made available for inspection in discovery in this Action and designated as "CONFIDENTIAL."

31. However, if a Party seeks discovery from a third party to this Action, that third party may invoke the terms of this Protective Order in writing to all Parties to this suit and produce any such discovery in accordance with and subject to the terms of this Protective Order.

## VIII.   NON-WAIVER OF PRIVILEGES AND OBJECTIONS

32. Nothing in this Protective Order shall be construed to require the production of Protected Material that is privileged or otherwise protected from disclosure.  The entry of this Protective Order shall not constitute a waiver by any Party of any objection to the disclosure or production of any information or material during discovery.

33. Nothing in this Protective Order shall be construed to mean that the production of Protected Material (in whole or in part) constitutes either: (1) an admission by Respondent that the produced information is relevant, authentic, or properly produced; or (2) a waiver of any right properly to withhold from production any other document.

34. Nothing in this Protective Order shall bar Respondent from asserting the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity as to any discovery, including any discovery that may have been inadvertently produced.

## IX.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

35. If Petitioners are served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," Petitioners shall (i) notify Respondent in writing; (ii) notify the party in

10

the other litigation who issued the subpoena or the court who issued the order that calls for the production of information or items that are subject to the Protective Order; and (iii) cooperate with respect to all reasonable procedures sought to be pursued by the Respondent with respect to the Protected Material. If Respondent timely seeks a protective order in the other litigation, Petitioners should not produce the Protected Material before a determination by the court from which the subpoena or order issued, unless Petitioners have obtained Respondent's permission.

## X.      DURATION OF THE PROTECTIVE ORDER

36. The terms of this Protective Order shall survive the final termination of this Action and shall continue to apply fully to all Protected Material that has not properly become a matter of public record.  Following final termination of this Action, this Court shall retain and have jurisdiction over the Parties and all persons who received access to Protected Material in accordance with the terms of this Protective Order.

37. This Protective Order shall be binding on the Parties, their Counsel, and the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors, and other persons or organizations over which they have control.

## XI.      RETURN AND DISPOSAL OF CONFIDENTIAL INFORMATION

38. In the event there is no ongoing dispute between the Parties in this Action, no later than 30 days after the final termination of the Contemplated Litigation, including all appeals, and unless otherwise required by law, Petitioners shall assemble and return to Respondent Protected Material produced by the Respondent or shall destroy all copies thereof which Petitioners have in their possession, custody, or control and provide written notification

11

of the destruction to Respondent.  Counsel for Petitioners shall be entitled to retain all pleadings and litigation documents, including exhibits and their own memoranda containing Protected Material, but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this Action.

39. Notwithstanding the above paragraph, each law office of Petitioners' Counsel may retain a copy of any documents designated as "CONFIDENTIAL."  Such copies may only be used to defend against malpractice or bar complaints, or Collateral Litigation.

## XII.    MISCELLANEOUS

40. Nothing in this Protective Order shall be construed as limiting or otherwise restricting Respondent's use of its own Protected Material for any purpose.

Dated: This ___ day of _____, ____

_____

Hon. Loren L. AliKhan
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**IN RE APPLICATION OF QATAR NATIONAL BANK (Q.P.S.C.) AND QATAR CHARITY FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. §1782**

Case No. 1.24-mc-00035-LLA

## ACKNOWLEDGMENT OF CONFIDENTIALITY

I hereby acknowledge that I have read the Protective Order in the above-captioned case; that I understand the terms of the Protective Order, and that I undertake to make no disclosure or use of any material or information designated as "CONFIDENTIAL"" except as permitted by the Protective Order.  I agree to, and hereby do, submit myself to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcement of the terms of the Protective Order, and any violation thereof.  I understand that any violation of the Protective Order is punishable by the contempt powers of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:                                    Signature:

Printed Name:                             Address: