IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF QATAR NATIONAL BANK (Q.P.S.C.) AND QATAR CHARITY FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | No. 1:24-mc-00035-LLA |

**RESPONDENT PERLES LAW FIRM, P.C.'S MOTION FOR
LEAVE TO FILE A SUR-REPLY IN SUPPORT OF
<u>RESPONDENT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER</u>**

**INTRODUCTION[1]**

Respondent Perles respectfully seeks leave to file a sur-reply in support of its Motion for Entry of a Protective Order, *see* ECF No. 42.[2]  As described in greater detail below and in its proposed sur-reply to Petitioners' Response to Perles's Motion for Entry of a Protective Order (ECF No. 43) (the "Response"), Petitioners' briefing includes concerning factual admissions that are relevant to this Court's consideration of the parties' pending protective order motions and this Court's prior grant of their Application.[3]  Specifically, despite repeatedly representing to this Court and the D.C. Circuit that Perles would not be the subject of their Contemplated Litigation, Petitioners have reversed course—now asserting that it is "premature" for Petitioners to exclude Perles from a future suit abroad.  Perles thus respectfully requests leave to file a targeted, five-page sur-reply so that it may properly address these recent statements from Petitioners.  This Court's review of the pending motions will be aided by this additional information, and Petitioners will face no undue prejudice from being forced to finally account for their intentional misstatements.

**LEGAL STANDARD**

When deciding a motion for leave to file a sur-reply, a district court considers: "whether the [the movant's] sur-reply is helpful to the adjudication of [the pending motion] and whether the [the non-movant] will be unduly prejudiced if the court grants leave to allow the sur-reply." *Clendenny v. the Architect of the Capitol*, 236 F. Supp. 3d 11, 17 n.2 (D.D.C. 2017); *see also Amissah v. Gallaudet Univ.*, 2022 WL 4016592, at *7 (D.D.C. Sept. 2, 2022) (explaining the

---

[1] Unless otherwise noted, all capitalized terms have the same meaning as those used in Perles's prior briefing on the instant motion.  *See* ECF No. 42; ECF No. 44.

[2] Perles has conferred with counsel for Petitioners, as required by Local Rule 7(m), and Petitioners have conveyed that they will oppose this motion.

[3] Perles's proposed sur-reply is attached as Exhibit B to this motion.

1

standard for granting leave to file a sur-reply).  The "decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court."  *Clendenny*, 236 F. Supp. 3d at 17 n.2 (citation modified).  As explained in greater detail below, both of these factors cut decisively in favor of Perles's request for leave.

## ARGUMENT

Although Petitioners' briefing includes numerous mischaracterizations of the facts and Perles's arguments, Perles's sur-reply is focused on the issue of Petitioners' recent statements concerning whether Perles itself may be a target in their Contemplated Litigation.  Notably, in their Response, Petitioners asserted that it is "premature to exclude Perles from suit at this stage" because "discovery could potentially highlight culpable involvement by Perles in the fraudulent scheme."  Response at 6 (citation omitted).  But that statement is a stunning about-face from Petitioners' representations in the Application to this Court and on appeal to the D.C. Circuit that Perles would *not* be a party to the Contemplated Litigation.

In its briefing on the Application, Petitioners argued that the first *Intel* factor weighed in favor of granting discovery because "the Perles Firm *will no*t be a party to the foreign proceedings." ECF No. 1 at 10 (emphasis added); *id.* at 21 (stating the same).[4]  Petitioners carried on these misrepresentations during Perles's appeal of their Application to the D.C. Circuit.  *See, e.g.*, Brief for Petitioners-Appellees QNB and QC at 7–8, *Qatar Nat'l Bank v. Perles L. Firm, P.C.*, No. 25-7029 (D.C. Cir. Apr. 17, 2025) ("D.C. Cir. Appellees' Br.") ("[N]either Perles, nor the Sotloffs for that matter, will be a party to the [Contemplated Litigation]."); *id.* at 9 (same); *id.* at 50 ("The crux of Applicants' contemplated claims is against the Forgers, *not against Perles* (nor the Sotloffs).

---

[4] The first *Intel* factor concerns whether the person or entity "from whom discovery is sought [will be] a participant in the foreign proceeding."  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

Consistent with that reality, Applicants have already asserted in public court filings in the district court that *neither Perles nor the Sotloffs will be participants in the [Contemplated Litigation].*") (emphases added).[5]

Given Petitioners' current position, there is no way to describe their prior statements in the Application and on appeal as anything but an intentional misstatement of their true intentions for the Contemplated Litigation.  Indeed, it is noteworthy that these admissions are now emerging as Perles's appeals have concluded.  Perles thus respectfully submits that this Court's consideration of the pending motions would be greatly aided by further briefing identifying these inconsistencies for what they are: Petitioners' efforts to play both sides of the fence while escaping accountability for their inconsistent statements.[6]

### A. Perles's Sur-Reply Will Be Helpful To This Court's Analysis Of The Pending Motions And Beyond

*First*, there is no doubt that Perles's proposed sur-reply would aid this Court in resolving the pending motions—as Petitioners' intentional misrepresentations bear directly on the merits of the parties' arguments.  Specifically, Petitioners' duplicitous statements confirm that their true motivation for pursuing § 1782 discovery against Perles and its Support Personnel is to seek

---

[5] Petitioners made an oblique reference in their opening brief that Perles could be "included" in the hypothetical group of individuals "implicated" in this matter.  *See* ECF No. 41 at 12 ("From Petitioners' perspective, the 'Contemplated Litigation' definition avoids unreasonably limiting the discovery to the identified foreign proceeding in France, when the information sought may well implicate other individuals (including potentially Perles) in other jurisdictions, both foreign and domestic—as numerous meet-and-confer conversations with Perles's counsel since the D.C. Circuit's ruling have suggested may be appropriate.").  Although Petitioners refer to the parties' meet-and-confer discussions, nothing in these discussions point to the involvement of Perles or its Support Personnel in any alleged scheme to "forge" documents or "defame" Petitioners.  Rather, the discussions merely noted that the Fact Witnesses may no longer be in France.

[6] To the extent that Petitioners intend to bring a lawsuit against Perles or its Support Personnel in "other jurisdictions" (*see* ECF No. 41 at 12)—*i.e.*, the United States—that would also be a blatant abuse of the § 1782 discovery process. *See In re Postalis*, 2018 WL 6725406, at *3 (S.D.N.Y. Dec. 20, 2018) (holding that the petitioner could not meet § 1782's "for use" element because the purpose of the application was to obtain discovery that can be used to "plead a new action against [the litigation target] *in the United States*") (emphasis added); *see also id.* at *5 ("Seeking discovery under § 1782 for an improper purpose, namely for pre-litigation discovery otherwise not permitted under the Federal Rules of Civil Procedure, is bad faith just as a harassing application is in bad faith.").

retribution and to send a warning to future victims of terror that victims are better off staying silent. This is why Petitioners have resisted Perles's proposal to except Perles (including its Support Personnel) and the Sotloff family from the Contemplated Litigation—and why they seemingly want the freedom to bring a potential sham proceeding in Qatar, their home forum, even though it has no alleged connection to the relevant victims of terrorism or the Fact Witnesses.[7] *See* ECF No. 42-1 at 16–18; ECF No. 44 at 5–6.

Because Petitioners' retaliatory intentions bear directly on the evaluation of good cause under Federal Rule of Civil Procedure 26(c), additional briefing on this issue would be helpful to the development of the record and this Court's analysis of the instant motions. Thus, not only does granting Perles leave to file a sur-reply give Perles the much-needed opportunity to respond to this important factual development and to provide a fulsome accounting of these misrepresentations, but it will also enable this Court to render a final decision that more accurately takes account of Petitioners' *true* intentions for their Contemplated Litigation. Indeed, Perles's attempt to provide this Court with a full record is particularly salient here given that, according to Petitioners themselves, this Court had previously "credited" their representation that "neither Perles nor the Sotloffs will be participants in the [Contemplated Litigation]" in its decision granting the Application. *See* D.C. Cir. Appellees' Br. at 50.

Under its discretionary authority, this Court has the power to decide for itself whether to give Perles an opportunity to submit additional information that will assist the Court in its evaluation of the pending motions. *See Clendenny*, 236 F. Supp. 3d at 17 n.2 ("The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the Court, and in

---

[7] Petitioners' Proposed Protective Order states that they "do not *intend* to pursue civil and/or criminal claims against the plaintiffs in [the Sotloff Action]." ECF No. 42-4 at 3 (emphasis added). But this statement is not a binding and enforceable promise.

making its decision, the Court considers whether the sur-reply is helpful to the adjudication of the motion for summary judgment and whether the defendant will be unduly prejudiced if the court grants leave to allow the sur-reply.") (citation modified).  This principle is so imperative that courts in this Circuit have granted leave to file a sur-reply, even when the movant's sur-reply "rehashes" arguments raised in a prior filing, so long as the sur-reply would ultimately be "helpful for the Court to understand certain parts of [the movant's] arguments in greater detail."  *See Amissah*, 2022 WL 4016592, at *7.  Indeed, in its previous decision in *Jones v. Falconwood, Inc.*, 2026 WL 890424 (D.D.C. Mar. 31, 2026), this Court exercised its discretion to permit the submission of a sur-reply even though the movant, who was represented by counsel, failed to argue that he "satisfied the applicable legal standard."  *Id.* at *7.  This Court concluded that, even under these highly unusual circumstances, a sur-reply was warranted, in part because it "may aid the court in its resolution" of the arguments in that case.  *Id.*

In sum, Petitioners have already caused significant mischief in this Court and the D.C. Circuit by repeatedly proffering material misstatements—and the record on the present motion should address this disturbing pattern.

### B.  Perles's Sur-Reply Will Not Unduly Prejudice Petitioners

Petitioners will not face any undue prejudice if this Court grants Perles's request for leave, as Perles merely seeks to provide this Court with information that may aid the Court in resolving the present motions.  Furthermore, there is also no risk of prejudice to Petitioners because Perles welcomes their right to use their opposition to the instant motion as an opportunity to respond to Perles's arguments.  *See United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 307 F.R.D. 249, 251 n.5 (D.D.C. 2014) (holding that "the Court discerns no prejudice to either of [the non-movants]" because "in their memoranda opposing [the movant's] motion for leave to file the

surreply, [they] have responded to the merits of [the movant's] arguments").

Indeed, Petitioners could have taken it upon themselves to correct the record at any time during this Court's—or the D.C. Circuit's—consideration of their Application.    Instead, Petitioners waited until Perles's appeals had been exhausted to finally make clear that Perles is a contemplated target in the Contemplated Litigation after all.  Thus, the only party facing the threat of undue prejudice is Perles.

## **CONCLUSION**

In light of the foregoing, Perles respectfully requests that the Court enter the attached proposed order (attached as Exhibit A) and permit Perles to file its sur-reply (attached as Exhibit B).

Dated: April 17, 2026

Respectfully Submitted,

*/s/ Robert F. Serio*
Robert L. Weigel (*pro hac vice*)
Robert F. Serio (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166
Telephone: (212) 351-4000
rweigel@gibsondunn.com
rserio@gibsondunn.com

*Counsel for Respondent Perles Law Firm, P.C.*