**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF QATAR NATIONAL BANK (Q.P.S.C.) AND QATAR CHARITY FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:24-mc-00035-LLA |

**PETITIONERS' RESPONSE TO RESPONDENT PERLES LAW FIRM'S
MOTION FOR LEAVE TO FILE A SUR-REPLY IN SUPPORT OF ITS MOTION FOR
ENTRY OF A PROTECTIVE ORDER**

Petitioners oppose Respondent Perles's request for leave to file a sur-reply for the simple reason that the Parties have *already* briefed the same issue Perles addresses, *twice* in their competing motions for a protective order; the proposed sur-reply merely attempts to rehash the same topics (and circumvent the agreed-upon page limits for briefing those motions).

Perles's motion for a protective order already addressed the same issue it raises now: its "proposed restriction excepting Perles (including its Support Personnel) and the plaintiffs in the Sotloff Action from being targeted in Petitioners' Contemplated Litigation," including its argument that "Petitioners' prior positions in this matter" support such a limitation. ECF No. 42-1 at 14-15. And Petitioners, in turn, have already responded to that contention, noting: "It is . . . premature to exclude Perles from suit at this stage; indeed, discovery could potentially highlight culpable involvement by Perles in the fraudulent scheme, and Petitioners are not bound to avoid suit against Perles, as the D.C. Circuit recognized." ECF No. 43 at 5 (citing *Qatar Nat'l Bank v. Perles Law Firm, P.C.*, 2025 WL 2945746, at *4 n.1 (D.C. Cir. Oct. 17, 2025)).[1]

---

[1] Petitioners had similarly flagged the issue in their opening brief, explaining that, "Through meet-and-confers, Perles has also tried to further prematurely limit the definition of Contemplated Litigation by expressly . . . preventing Petitioners from pursuing claims against Perles, including its investigators, translators, and expert consultants, which is premature given that no discovery

In any event, Perles's assertion of a conflict is misplaced. Petitioners made clear before this Court, as laid out in their Application, that their representation that Perles would not be a participant in the foreign proceeding was based on the assumption that Perles was not an active participant in the fraudulent scheme, but merely a recipient of the Forged Record: "The Perles Firm would not be a participant in a foreign proceeding, because the Perles Firm (as far as QNB and QC understand from the Perles Firm's representations) was merely a recipient of the forged Purported Transfer Record." ECF No. 1 at 15. If discovery—which still has not been provided by Perles—indeed reveals that Perles was an active participant in the fraudulent scheme, Perles cannot use these earlier statements (made without full information) as a shield. As Petitioners noted in their motion for a protective order, "Section 1782 does not prevent an applicant who lawfully has obtained discovery under the statute with respect to one foreign proceeding from using the discovery elsewhere unless the district court orders otherwise." ECF No. 41 at 8 (quoting *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017)). And this Court already so recognized, observing that "Petitioners are authorized to use any evidence obtained pursuant to the subpoenas in any additional proceeding arising out of the same facts or transactions underlying Petitioners' Application." ECF No. 22 at 1.

Perles's proposed sur-reply thus relies on a mistaken premise and is therefore not "helpful to the adjudication of motion," *Clendenny v. Architect of the Capitol*, 236 F. Supp. 3d 11, 17 n.2 (D.D.C. 2017) (cited by ECF No. 45 at 1), in addition to being redundant. The Court should therefore deny Perles leave to file its sur-reply.

---

has been produced by Perles to Petitioners at this stage." ECF No. 41 at 8 n.5. And Perles had responded to that argument, urging the Court to "prohibit Petitioners from being able to use the Contemplated Litigation to target and harass Perles (including its Support Personnel) and the Sotloff family." ECF No. 44 at 5. These issues have therefore been doubly briefed across two sets of motions. No further briefing is warranted.

Dated: May 1, 2026                    Respectfully submitted,

*/s/ Douglas H. Hallward-Driemeier*

Douglas H. Hallward-Driemeier (D.C. Bar No. 994052)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Tel: (202) 508-4776
douglas.hallward-driemeier@ropesgray.com

Michael G. McGovern (*pro hac vice*)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY  10036-8704
Tel: (212) 596-9000
michael.mcgovern@ropesgray.com

*Counsel for Petitioner Qatar National Bank (Q.P.S.C.)*

John M. Hillebrecht (*pro hac vice forthcoming*)
Kevin Walsh (*pro hac vice forthcoming*)
Jessica A. Masella (*pro hac vice forthcoming*)
Michael G. Lewis (*pro hac vice forthcoming*)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020-1104
Tel: (212) 335-4500
john.hillebrecht@us.dlapiper.com
kevin.walsh@us.dlapiper.com
jessica.masella@us.dlapiper.com
michael.lewis@us.dlapiper.com

*Counsel for Petitioner Qatar Charity*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2026, a true and correct copy of the foregoing document was served on all counsel of record via ECF.

*/s/ Douglas H. Hallward-Driemeier*
Douglas H. Hallward-Driemeier