## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF QATAR NATIONAL BANK (Q.P.S.C.) AND QATAR CHARITY FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | No. 1:24−mc−00035−LLA |

### STATEMENT OF PETITIONERS REGARDING JOINT STATUS REPORT

This Court has expressly found that the Document Subpoena appropriately requests information in "an effort to identify witnesses who might have factual information relevant to an important issue in the case," *i.e.*, the creation, dissemination, and fraudulent use of the Purported Transfer Record.  *In re Qatar Nat'l Bank*, 2025 WL 445188, at *6 (D.D.C. Feb. 10, 2025).  This Court in turn authorized Petitioners' Requests as written, and the D.C. Circuit subsequently affirmed.  Notwithstanding the courts' clear holdings that Petitioners' Requests are appropriate, Perles continues to attempt to deny the plain language of the Requests, namely the second Request, which calls for disclosure of the identities of all "individuals with whom [Perles] or the Anonymous Source discussed the Purported Transfer Record."  ECF No. 27-2 at 8.

The substantive reason that such individuals—many of whose identities Perles continues to dispute disclosing—are relevant is simple:  the fraud perpetrated upon Petitioners for which Petitioners seek to bring foreign litigation concerns not only the *provenance* of the Purported Transfer Record itself, but also the *subsequent use* of the Purported Transfer Record to validate and advance a costly, highly defamatory, and baseless lawsuit against Petitioners.  An individual who can speak to this latter subject is self-evidently relevant to the "use of forgery" category of information that Petitioners have consistently identified as central to their Section 1782 application.  *See, e.g.*, ECF No. 1 at 2, 8, 12.  Petitioners need access to key witnesses who can speak to how

the forgery was used in a manner that ultimately harmed Petitioners in order to be able to successfully advance their foreign litigation.

During the parties' meet-and-confer sessions, Petitioners have made clear that they do not seek the disclosure of the identities of individuals to whom only passing reference was made by Perles to the Purported Transfer Record, such as referencing the presumed fact of the Purported Transfer Record as part of a conversation about some other subject related to the litigation.  To be sure, such conversations almost certainly do further evidence the "use" of the Purported Transfer Record, insofar as the conversations pertained to assembling and filing a litigation against Petitioners that was almost entirely predicated on that fraudulent document, but such individuals are far less likely to be relevant to Petitioners' ability to successfully prosecute their foreign litigation.  Petitioners have thus exercised restraint in not seeking the identities of those individuals.

Petitioners strongly believe, however, that Perles's attempt to narrow the list of identified witnesses to only those who spoke to the record's *provenance* flies in the face of Petitioners' Requests, as well as this Court's and the D.C. Circuit's orders.  Perles has moreover refused to share with Petitioners which individuals it believes should be removed from the list of contested witnesses based on its proposed line, putting Petitioners at a clear disadvantage in this statement.

The process of the Parties' meet-and-confers illustrates why these individuals' identities should all be disclosed to Petitioners, and promptly.  During the Parties' recent meet-and-confers conducted pursuant to the Court's July 22, 2026 order, Perles has identified, in response to Petitioners' pressing questions, multiple new relevant individuals responsive to the Document Subpoena.  Perles plainly is not the party who should be deciding what individuals have information relevant to Petitioners' foreign litigation.  To the extent that specific information requests present concrete and well-substantiated work product or other objections, the Court can address those at that time, with the benefit of a more developed record and adversarial briefing.

2

Dated: August 11, 2026

Respectfully Submitted,

*/s/ Douglas H. Hallward-Driemeier*
Douglas H. Hallward-Driemeier
(D.C. Bar No. 994052)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006
Tel: (202) 508-4776
douglas.hallward-driemeier@ropesgray.com

Michael G. McGovern (*pro hac vice*)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Tel: (212) 596-9000
michael.mcgovern@ropesgray.com

*Counsel for Petitioner Qatar National Bank
(Q.P.S.C.)*

John M. Hillebrecht (*pro hac vice*)
Kevin Walsh (*pro hac vice*)
Jessica A. Masella (*pro hac vice*)
Michael G. Lewis (*pro hac vice*)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 335-4500
john.hillebrecht@us.dlapiper.com
kevin.walsh@us.dlapiper.com
jessica.masella@us.dlapiper.com
michael.lewis@us.dlapiper.com

*Counsel for Petitioner Qatar Charity*