**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF QATAR NATIONAL BANK (Q.P.S.C.) AND QATAR CHARITY FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | No. 1:24−mc−00035−LLA |

# RESPONDENT PERLES LAW FIRM, P.C.'S STATEMENT REGARDING THE JOINT STATUS REPORT

Pursuant to this Court's July 22, 2026 and August 5, 2026 Orders (collectively, the "Orders"), Petitioners and Respondent submitted a Joint Status Report providing the Court with "specific descriptions of all contested witnesses whom [Perles] has deemed Perles's Support Personnel in its objections to the motion to compel." Perles listed twelve Support Personnel in that Joint Status Report, who are identified as follows: A.B., C.D., E.F., G.H., I.J., K.L., M.N., O.P., Q.R., S.T., U.V., and W.X.

Unfortunately, a breakdown in communications between the Parties has created the need for Perles to now submit a separate statement regarding the Joint Status Report, further clarifying Perles's position to this Court and Petitioners. As Perles had made clear throughout the Parties' numerous meet and confers, the twelve individuals currently listed in the Joint Status Report are those individuals who Perles claims as its Support Personnel and whose identities are responsive to the plain text of Petitioners' Request for Production No. 2 ("RFP 2"), which requests:

> "Any Documents and Communications sufficient to identify the identities of individuals with whom You or the Anonymous Source discussed the Purported Transfer Record."

Perles maintains that the identities of its Support Personnel, many of whom were informally consulted on this matter, constitute protected work product that should not be disclosed under any circumstances, regardless of whether or not its Support Personnel are responsive to that discovery request. Nevertheless, to ensure that Perles is complying with the Court's Orders, Perles listed all Support Personnel who could potentially be responsive to Petitioners' RFP 2 and who Perles argues should not be subject to disclosure.

At Petitioners' request, the Parties attempted to reach an understanding by which Perles would reduce the number of Support Personnel listed on the Joint Status Report. Perles had offered to remove certain Support Personnel if Petitioners would agree that their RFP 2 was limited to

seeking the identities of:

1. Individuals who allege to have direct, first-hand knowledge of the Transfer Record's provenance; and

2. Individuals with whom Perles discussed the Transfer Record's provenance beyond those facts discernable from the face of the Transfer Record.

In response, Petitioners instead suggested the removal from the description in the Joint Status Report of Support Personnel to whom Perles made only passing references to the Transfer Record. But Petitioners declined Perles's request to deem such individuals' identities to be non-responsive to RFP 2; Petitioners insisted on reserving their ability to seek discovery of such individuals at a later date. Thus, it became clear that the root cause of this dispute is that Petitioners' discovery requests are too broad. Indeed, Petitioners' request to narrow the number of Support Personnel listed on the Joint Status Report implies that even *they* now acknowledge that their discovery request is overbroad and sweeps in *any* individual who Perles had any discussion about the Transfer Record with—regardless of whether that "discussion" was substantive or not. Although Perles, admittedly, does not understand why Petitioners have assumed the inexplicable position that Perles should not list all applicable Support Personnel, Perles respectfully submits that the twelve individuals listed in the Joint Status Report are the contested "Support Personnel."[1]

[1] Because Perles's Support Personnel may have consulted internally with their own support staff and/or subcontractors as part of fulfilling Perles's request for assistance, in an abundance of caution, Perles asserts that any protection from disclosure afforded to these listed Support Personnel should also apply to their respective support staff and/or subcontractors as well.

Dated: August 11, 2026

Respectfully Submitted,

*/s/ Robert F. Serio*
Robert L. Weigel (*pro hac vice*)
Robert F. Serio (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY 10166
Telephone: (212) 351-4000
rweigel@gibsondunn.com
rserio@gibsondunn.com

*Counsel for Respondent Perles Law Firm, P.C.*